Case 1:18-cv-00442-RJJ-PJG ECF No. 1 filed 04/23/18 PageID.1 Page 1 of 13

FILED - LN
April 23, 2018 9:48 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: clw / SCANNED BY: /23

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA J. RANCOURT<br><br>Plaintiff,<br><br>v.<br><br>SHERMETA LAW GROUP, PLLC<br>TRICIA N. MCKINNON<br>JASON TOWER<br><br>Defendants. | **1:18-cv-442**<br>Robert J. Jonker, Chief United States District Judge<br>Phillip J. Green, U.S. Magistrate Judge<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for damages arising from Defendants' violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"). Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA and the MCPA as they are applicable to each Defendant.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred in this district and the Plaintiff resides in this district and the Defendants transact business in this district.

1

## PARTIES

4. The Plaintiff in this lawsuit ("Complaint") is Sandra J. Rancourt, ("Plaintiff"), a natural person residing in the County of Hillsdale in the State of Michigan.

5. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and/or a person affected by violations of the FDCPA with standing to bring this claim under 15 U.S.C § 1692k(a).

6. Plaintiff is a "consumer" as the term is defined by M.C.L. § 445.251(d) and a person as defined by M.C.L. § 445.251(f).

7. Defendant Shermeta Law Group PLLC ("Defendant Shermeta") is a professional limited liability company with a primary office located in Rochester, Michigan.

8. Defendant Shermeta uses one or more instrumentality of interstate commerce or the mail for which the principle purpose is the collection of debts.

9. Defendant Shermeta and its employees regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Defendant Shermeta is a "debt collector" as the term is defined by 15 U.S.C. § 1692a (6).

11. Defendant Shermeta and its employees are "regulated persons" as defined by M.C.L. § 445.251(g).

12. Defendant Shermeta and its employees and agents acted on behalf of Bank of America N.A. and for the benefit of Bank of America N.A. at all relevant times.

13. Defendant Tricia N McKinnon, ("Defendant McKinnon") is employed by Defendant Shermeta and at all relevant times, directly involved with the collection of an alleged debt against Plaintiff.

14. Defendant Jason Tower ("Defendant Tower") is employed by Defendant Shermeta and at all relevant times, directly involved with the collection of a debt alleged against Plaintiff.

## FACTUAL ALLEGATIONS

15. On or about June 8, 2017, Plaintiff received a collection notice from Defendant Shermeta dated June 2, 2017 stating that Defendant Shermeta was retained by Bank of America N.A. in the collection of an alleged debt of $8,806.39 under Account Ending in 9010.

16. Said notice contained the names of three attorneys, T.N McKinnon, T.P. Gruca and H.M. Saputo with an illegible signature.

17. Pursuant to 15 U.S.C § 1692g(b), On June 14, 2017, Plaintiff timely sent Defendant Shermeta a response including (but not limited to), disputing the alleged debt and demanding that collection activities cease until Defendant Shermeta validated and verified the alleged debt.

18. Plaintiff never received any type of a reply from Defendant Sherrmeta to Plaintiff's June 14, 2017 response.

19. On February 28, 2018, Defendants Shermeta, Defendant McKinnon, and Defendant Tower filed a Summons and Complaint in behalf of Bank of America, N.A. in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT against Plaintiff for an alleged debt of $8,806.39.

20. On April 16, 2018, Plaintiff was served with said Summons and Complaint.

21. As a direct, actual, and proximate result of the acts and omissions of Defendants, Plaintiff has been harassed by Defendants named in this Complaint.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

## COUNT I.

### DEFENDANT SHERMETA'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 *et seq.*

23. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant Shermeta constitute numerous and multiple violations of the FDCPA 15 U.S.C. § 1692 *et. seq.*

25. Defendant Shermeta violated 15 U.S.C. §1692g(b) when Defendant Shermeta failed to cease collection activities by filing a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt after Plaintiff made a timely request for such validation and verification.

26. Defendant Shermeta violated 15 U.S.C. 1692e by using false and deceptive means to attempt to collect an alleged debt when Defendant Shermeta attempted to collect an alleged debt without first complying with 15 U.S.C. 1692g(b) in verifying and validating the alleged debt after Plaintiff made a timely request for such validation and verification.

27. Defendant Shermeta violated 15 U.S.C. 1692e(2)(A) by falsely representing the character of the alleged debt by attempting to collect on an alleged debt without first complying with 15 U.S.C. 1692g(b) debt after Plaintiff made a timely request for such validation and verification.

28. Defendant Shermeta violated 15 U.S.C 1692f by using unfair and unconscionable means to attempt to collect an alleged debt by withholding a reply to Plaintiff's timely response for validation and verification of the alleged debt before filing a Summons and Complaint in the court of the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT.

29. As the result of the foregoing FDCPA violations by the Defendant Shermeta, the Plaintiff has been harassed, oppressed and abused by Defendant Shermeta in violation of 15 U.S.C. 1692d.

30. As the result of Defendant Shermeta 's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Shermeta.

## COUNT II.
## DEFENDANT SHERMETA'S VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. § 445.251 *et seq*.

31. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant Shermeta constitutes violations of the MCPA.

33. Defendant Shermeta used an abusive method to collect an alleged debt in violation of M.C.L. § 445.252 (n) when Defendant Shermeta filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first verifying and validating the alleged debt as required by 15 U.S.C § 1692g(b).

34. Defendant Shermeta violated M.C.L. §445.252(q) by failing to implement a procedure designed to prevent each of the above listed MCPA violations by its employees.

35. As the result of Defendant Shermeta's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257 from Defendant Shermeta.

## COUNT III.
## DEFENDANT MCKINNON'S VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

36. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant McKinnon constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

38. Defendant McKinnon violated 15 U.S.C. 1692e by using false and deceptive means to collect an alleged debt when Defendant McKinnon filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt pursuant to 15 U.S.C. § 1692g(b) when Plaintiff made a timely demand for validation and verification.

39. Defendant McKinnon violated 15 U.S.C. 1692e (2)(A) by falsely representing the character of the alleged debt by filing a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt pursuant to 15 U.S.C. § 1692g(b) when Plaintiff made a timely demand for validation and verification.

40. Defendant McKinnon violated 15 U.S.C 1692f by using unfair and unconscionable means to attempt to collect an alleged debt by withholding a reply to Plaintiff's timely request for validation and verification by filing a Summons and a Civil complaint the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT.

41. Defendant McKinnon violated 15 U.S.C. 1692g(b) when Defendant McKinnon failed to cease collection activities by filing a Summons and Complaint in the court of the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first verifying the alleged debt when Plaintiff made a timely demand for validation and verification.

42. As the result of the foregoing FDCPA violations by Defendant McKinnon, the Plaintiff was harassed, oppressed and abused by Defendant McKinnon in violation of 15 U.S.C. 1692d.

43. As the result Defendant McKinnon's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant McKinnon.

## COUNT IV.
### DEFENDANT MCKINNON'S VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
### M.C.L. § 445.251 *et seq*.

44. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant McKinnon constitute violations of the MCPA.

46. Defendant McKinnon used an abusive method to collect an alleged debt in violation of M.C.L. § 445.252 (n) when Defendant McKinnon filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt as required by 15 U.S.C § 1692g(b).

47. As the result of the foregoing MCPA violations by the Defendant against the Plaintiff, the Plaintiff was harassed, oppressed and abused by Defendant McKinnon in violation M.C.L. § 445.252(n).

48. As the result of Defendant McKinnon's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257 from Defendant McKinnon.

## COUNT V.
## DEFENDANT TOWER'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

49. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant Tower constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

51. Defendant Tower violated 15 U.S.C. 1692g(b) when Defendant Tower failed to cease collection activities by filing a Summons and Complaint in the court of the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verification of the alleged debt after Plaintiff made a timely request for said validation and verification.

52. Defendant Tower violated 15 U.S.C. 1692e by using false and deceptive means to collect an alleged debt when Defendant Tower filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt as required by the FDCPA 15 U.S.C. §1692g(b) after Plaintiff made a timely request for said validation and verification.

53. Defendant Tower violated 15 U.S.C. 1692e (2)(A) by falsely representing the character of the alleged debt by filing a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt as required by the FDCPA 15 U.S.C. §1692g(b) after Plaintiff made a timely request for said validation and verification.

54. Defendant Tower violated 15 U.S.C 1692f by using unfair and unconscionable means to attempt to collect an alleged debt by withholding a reply to Plaintiff's timely request for validation and verification and filing a Summons and a Civil complaint the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT.

55. As the result of the foregoing FDCPA violations by Defendant Tower, the Plaintiff was harassed, oppressed and abused by Defendant Tower in violation of 15 U.S.C. 1692d.

56. As the result Defendant Tower's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Tower.

### COUNT VI.
### DEFENDANT TOWER'S VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
### M.C.L. § 445.251 *et seq.*

56. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant Tower constitute violations of the MCPA. Defendant Tower used an abusive method to collect an alleged debt in violation of M.C.L. § 445.252 (n) when Defendant Tower filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt as required by 15 U.S.C § 1692g(b) when Plaintiff made a timely request for said validation and verification.

58. As the result of the foregoing MCPA violations by Defendant Tower against the Plaintiff, the Plaintiff was harassed, oppressed and abused by Defendant Tower in violation M.C.L. § 445.252(n).

59. As the result of Defendant Tower's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant Tower.

60. As the result of Defendant Tower's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant Tower.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendants as follows:

## COUNT I.
## DEFENDANT SHERMETA'S VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Shermeta and for Plaintiff; and furthermore,

- For an award of statutory damages of $1000.00 pursuant to 15 U.S.C. 1692k(a)(A) against Defendant Sherrmeta and for Plaintiff; and furthermore,

- For an award of costs of litigation and reasonable attorney fees pursuant to 15, U.S.C. § 1692k(a)(3) against Defendant Shermeta and for Plaintiff.

## COUNT II.
## DEFENDANT SHERMETA'S VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. 445.251 *et seq*

- For damages pursuant to M.C.L. § 445.257(2) against Defendant Shermeta and for Plaintiff;

- For treble damages pursuant to M.C.L. § 445.257(2) against Defendant Shermeta and for Plaintiff; and furthermore,

- For reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant Shermeta and for Plaintiff.

## COUNT III.
## DEFENDANT MCKINNON'S VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant McKinnon and for Plaintiff; and furthermore,

11

- For an award of statutory damages of $1000.00 pursuant to 15 U.S.C. 1692k(a)(A) against Defendant McKinnon and for Plaintiff; and furthermore,

- For an award of cost of litigation and reasonable attorney fees pursuant to 15, U.S.C. § 1692k(a)(3) against Defendant McKinnon and for Plaintiff.

### COUNT IV.
### DEFENDANT MCKINNON'S VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
### M.C.L. 445.251 *et seq*

- For damages pursuant to M.C.L. § 445.257(2) against Defendant McKinnon and for Plaintiff; and furthermore,

- For treble damages pursuant to M.C.L. § 445.257(2) against Defendant McKinnon and for Plaintiff; and furthermore,

- For reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant McKinnon and for Plaintiff.

### COUNT V.
### DEFENDANT TOWER'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Tower and for Plaintiff; and furthermore,

- For an award of statutory damages of $1000.00 pursuant to 15 U.S.C. 1692k(a)(A) against Defendant Tower and for Plaintiff; and furthermore,

- For an award of costs of litigation and reasonable attorney fees pursuant to 15, U.S.C. § 1692k(a)(3) against Defendant Tower and for Plaintiff.

## COUNT VI.
## DEFENDANT TOWER'S VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. 445.251 *et seq*

- For damages pursuant to M.C.L. § 445.257(2) against Defendant Tower and for Plaintiff; and furthermore,

- For treble damages pursuant to M.C.L. § 445.257(2) against Defendant Tower and for Plaintiff; and furthermore,

- For reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant Tower and for Plaintiff.

### DEMAND FOR TRAIL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Date   April 23, 2018                                Respectfully submitted,

*Sandra J. Rancourt*

Sandra J. Rancourt
9083 Dennings Rd.
Jonesville, Michigan 49250
Cell # 520 609 3132
renucove@aol.com