UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA J. RANCOURT,

            Plaintiff,

v                                      Case No.: 1:18-cv-442
                                      Hon.

SHERMETA LAW GROUP, PLLC,
TRICIA N. MCKINNON,
JASON TOWER,

            Defendants.

| | |
|---|---|
| Sandra J. Rancourt | Biana Hamady  (P66191) |
| Defendant Pro Pre | Shermeta Law Group, PLLC |
| 9083 Dennings Road | Attorney for Defendants Shermeta, |
| Jonesville, Michigan 49250 | Tricia N. McKinnon and Jason Tower |
| renucove@aol.com | P.O. Box 5016 |
| | Rochester, MI 48308 |
| | (248) 519-1700 |
| | Fax (248) 519-1701 |
| | bhamady@shermeta.com |

**DEFENDANT SHERMETA LAW GROUP, PLLC, TRICIA N. MCKINNON AND JASON**

**TOWER'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now Comes Defendants, Shermeta Law Group, PLLC, Tricia N. McKinnon and Jason Tower by and through its attorney, Biana Hamady, and for its response to Plaintiff's Complaint states unto this Honorable Court as follows:

Plaintiff's Complaint may contain some paragraphs with multiple allegations.  Accordingly, Defendant may be unable to properly respond to the allegations contained in the Complaint.  Defendant will respond to the paragraphs in the Complaint to the best of its ability.  To the extent any allegation is not specifically addressed in this Answer, it is denied by Defendant.

**NATURE OF ACTION**

1.      This is an action for damages brought by an individual plaintiff for damages arising from Defendants' violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et. seq. ("FDCPA") and violations of the Michigan Collection Practices Act, M.C.L. § 445.251 et seq. ("MCPA").   Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA and the MCPA as they are applicable to each Defendant.

**RESPONSE**:  The allegations contained in paragraph 1 of Plaintiff's complaint are admitted to the extent the case was filed for alleged violations of the Fair Debt Collection Practices Act (FDCPA); and the Michigan Collection Practices Act ("MCPA").  Defendants indicate that the statute speaks for itself.  To the extent that the paragraph alleges Defendants violated the FDCPA and MCPA or any state laws, the allegations are denied because they are untrue.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for pendent state law claims.

**RESPONSE**:  The allegations contained in paragraph 2 of Plaintiff's complaint are admitted to the extent the case was filed for alleged violations of the Fair Debt Collection Practices Act (FDCPA) and the Michigan Collection Practices Act (MCPA).  Defendants indicate that the statute speaks for itself.  To the extent that the paragraph alleges Defendants violated the FDCPA or the MCPA, the allegations are denied because they are untrue.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred in this district and the Plaintiff resides in this district and the Defendants transact business in this district.

**RESPONSE**:  The allegations contained in paragraph 3 of Plaintiff's complaint are admitted to the extent the case was filed for alleged violations of the Fair Debt Collection Practices Act (FDCPA) and the Michigan Collection Practices Act (MCPA).  To the extent that the paragraph alleges Defendants violated the FDCPA or the MCPA, the allegations are denied because they are untrue.

**PARTIES**

4.      The Plaintiff in this lawsuit ("Complaint") is Sandra J. Rancourt, ("Plaintiff"), a natural person residing in the County of Hillsdale in the State of Michigan.

**RESPONSE**:  The allegations contained in paragraph 4 of Plaintiff's complaint are admitted to the extent that Sandra J. Rancourt is an individual residing in County of Hillsdale in the State of Michigan.  The remaining allegations are denied because they are untrue.

5.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and/or a person affected by violations of the FDCPA with standing to bring this claim under 15 U.S.C §1692k(a).

**RESPONSE**:  The allegations contained in paragraph 5 of Plaintiff's complaint are admitted to the extent that Sandra J. Rancourt is an individual residing in County of Hillsdale in the State of Michigan.  The remaining allegations are denied because they are untrue.

6.      Plaintiff is a "consumer" as the term is defined by M.C.L. § 445.25l(d) and a person as defined by M.C.L. § 445.251(f).

**RESPONSE**:  The allegations contained in paragraph 6 of Plaintiff's complaint are admitted to the extent that Sandra J. Rancourt is an individual residing in County of Hillsdale in the State of Michigan.  The remaining allegations are denied because they are untrue.

7.      Defendant Shermeta Law Group PLLC ("Defendant Shermeta") is a professional limited liability company with a primary office located in Rochester, Michigan.

**RESPONSE**:  The allegations contained in paragraph 7 of Plaintiff's complaint are admitted to the extent that Shermeta Law Group, PLLC ("Shermeta") is a Michigan limited liability Company.  The remaining allegations are denied because they are untrue.

8.      Defendant Shermeta uses one or more instrumentality of interstate commerce or the mail for which the principle purpose is the collection of debts.

**RESPONSE**:  The allegations contained in paragraph 8 of Plaintiff's complaint are admitted to the extent that Shermeta is a debt collector.  To the extent that the paragraph alleges Defendant violated the FDCPA or the MCPA the allegations are denied because they are untrue.

9.      Defendant Shermeta and its employees regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**RESPONSE**:  The allegations contained in paragraph 9 of Plaintiff's complaint are admitted to the extent that Shermeta is a debt collector.  To the extent that the paragraph alleges Defendant violated the FDCPA or the MCPA the allegations are denied because they are untrue.

10.      Defendant Shermeta is a "debt collector" as the term is defined by 15 U.S.C. § 1692a (6).

**RESPONSE**:  The allegations contained in paragraph 10 of Plaintiff's complaint are admitted to the extent that Shermeta is a debt collector.  To the extent that the paragraph alleges Defendant violated the FDCPA or the MCPA the allegations are denied because they are untrue.

11.      Defendant Shermeta and its employees are "regulated persons" as defined by M.C.L.
§445.251(g).

        **RESPONSE**:  The allegations contained in paragraph 11 of Plaintiff's complaint are admitted to
the extent that Shermeta is a debt collector.  To the extent that the paragraph alleges Defendant violated
the FDCPA or the MCPA the allegations are denied because they are untrue.

12.      Defendant Shermeta and its employees and agents acted on behalf of Bank of America N.A. and
for the benefit of Bank of America N.A. at all relevant times.

        **RESPONSE**:  The allegations contained in paragraph 12 of Plaintiff's complaint are admitted to
the extent that Shermeta is a debt collector.  To the extent that the paragraph alleges Defendant violated
the FDCPA or the MCPA the allegations are denied because they are untrue.

13.      Defendant Tricia N McKinnon, ("Defendant McKinnon") is employed by Defendant Shermeta
and at all relevant times, directly involved with the collection of an alleged debt against Plaintiff.

        **RESPONSE**:  The allegations contained in paragraph 13 of Plaintiff's complaint are admitted to
the extent that Tricia N. McKinnon, is employed at Shermeta and that Shermeta is a debt collector.  To
the extent that the paragraph alleges Defendant violated the FDCPA or the MCPA the allegations are
denied because they are untrue.

14.     Defendant Jason Tower ("Defendant Tower") is employed by Defendant Shermeta and at all relevant times, directly involved with the collection of a debt alleged against Plaintiff.

**RESPONSE**:  The allegations contained in paragraph 13 of Plaintiff's complaint are admitted to the extent that Jason Tower, is employed at Shermeta and that Shermeta is a debt collector.  To the extent that the paragraph alleges Defendant violated the FDCPA or the MCPA the allegations are denied because they are untrue.

## FACTUAL ALLEGATIONS

15.     On or about June 8, 2017, P1aintiffreceived a collection notice from Defendant Shermeta dated June 2, 2017 stating that Defendant Shermeta was retained by Bank of America N.A. in the collection of an alleged debt of$8,806.39 under Account Ending in 9010.

**RESPONSE**:  The allegations contained in paragraph 15 of Plaintiff's complaint are admitted to the extent that a legal letter was sent to the Plaintiff by Shermeta.  To the extent that the paragraph alleges Defendant violated the FDCPA or the MCPA the allegations are denied because they are untrue.

16.     Said notice contained the names of three attorneys, T.N McKinnon, T.P. Gruca and H.M. Saputo with an illegible signature.

**RESPONSE**:  The allegations contained in paragraph 16 of Plaintiff's complaint are admitted to the extent that the legal letters had an attorney signature block and was signed by Tricia N. McKinnon.  To the extent that the paragraph alleges Defendants violated the FDCPA or the MCPA the allegations are denied because they are untrue.

17.     Pursuant to 15 U.S.C § 1692g(b), On June 14, 2017, Plaintiff timely sent Defendant Shermeta a

response including (but not limited to), disputing the alleged debt and demanding that collection activities cease until Defendant Shermeta validated and verified the alleged debt.

**RESPONSE**:  The allegations contained in paragraph 17 of Plaintiffs' Complaint are neither admitted nor denied because Defendant is without sufficient information to form a belief as to the truth of the matter asserted therein.  Plaintiff is left to her proofs.  Defendant further states that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendant are denied because they are untrue.

18.    Plaintiff never received any type of a reply from Defendant Shermeta to Plaintiffs June 14, 2017 response.

**RESPONSE**:  The allegations contained in paragraph 18 of Plaintiffs' Complaint are neither admitted nor denied because Defendant is without sufficient information to form a belief as to the truth of the matter asserted therein.  Plaintiff is left to her proofs.  Defendant further states that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendant are denied because they are untrue.

19.    On February 28, 2018, Defendants Shermeta, Defendant McKinnon, and Defendant Tower filed a Summons and Complaint in  behalf of  Bank of  America, N.A. in the  STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT against Plaintiff for an alleged debt of$8,806.39.

**RESPONSE**:  The allegations contained in paragraph 19 of Plaintiff's complaint are admitted to the extent that a Summons and Complaint was filed Plaintiff by Shermeta on behalf of Bank of America, N.A.  To the extent that the paragraph alleges Defendants violated the FDCPA or the MCPA the allegations are denied because they are untrue.

20.     On April 6, 2018, Plaintiff was served with said Summons and Complaint.

**RESPONSE**:  The allegations contained in paragraph 20 of Plaintiffs' Complaint are neither admitted nor denied because Defendant is without sufficient information to form a belief as to the truth of the matter asserted therein.  Plaintiff is left to her proofs.  Defendants further state that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendants are denied because they are untrue.

21.     As a direct, actual, and proximate result of the acts and omissions of Defendants, Plaintiff has been harassed by Defendants named in this Complaint.

**RESPONSE**:  The allegations contained in paragraph 21 of Plaintiffs' Complaint are neither admitted nor denied because Defendant is without sufficient information to form a belief as to the truth of the matter asserted therein.  Plaintiff is left to her proofs.  Defendants further state that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendants are denied because they are untrue.

**TRIAL BY JURY**

22.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend 7. Fed.R.Civ.P.38.

**RESPONSE:**  The allegations contained in Plaintiff's Jury Trial Demand do not require a response.

**CAUSES OF ACTION**

**COUNT I.**

**DEFENDANT SHERMETA'S VIOLATION OF THE
FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.**

23.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

    **RESPONSE:**  The allegations contained in paragraph 23 do not require a response.  Defendant further states that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendant are denied because they are untrue.

24.     The foregoing acts and omissions of Defendant Shermeta constitute numerous and multiple violations of the FDCPA 15 U.S.C. § 1692 et. seq.

    **RESPONSE:**  The allegations contained in paragraph 24 of Plaintiff's complaint are denied because they are untrue.

25.     Defendant Shermeta violated 15 U.S.C. §1692g(b) when Defendant Shermeta failed to cease collection activities by filing a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt after Plaintiff made a timely request for such validation and verification.

    **RESPONSE:**  The allegations contained in paragraph 25 of Plaintiff's complaint are denied because they are untrue.

26.    Defendant Shermeta violated 15 U.S.C. 1692e by using false and deceptive means to attempt to collect an alleged debt when Defendant Shermeta attempted to collect an alleged debt without first complying with 15 U.S.C. 1692g(b) in verifying and validating the alleged debt after Plaintiff made a timely request for such validation and verification.

   **RESPONSE:**   The allegations contained in paragraph 26 of Plaintiff's complaint are denied because they are untrue.

27.    Defendant Shermeta violated 15 U.S.C. 1692e(2)(A) by falsely representing the character of the alleged debt by attempting to collect on an alleged debt without first complying with 15 U.S.C. 1692g(b) debt after Plaintiff made a timely request for such validation and verification.

   **RESPONSE:**   The allegations contained in paragraph 27 of Plaintiff's complaint are denied because they are untrue.

28.    Defendant Shermeta violated 15 U.S.C 1692f by using unfair and unconscionable means to attempt to collect an alleged debt by withholding a reply to Plaintiffs timely response for validation and verification of the alleged debt before filing a Summons and Complaint in the court of the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT.

      **RESPONSE:**   The allegations contained in paragraph 28 of Plaintiff's complaint are denied because they are untrue.

29.    As the result of the foregoing FDCPA violations by the Defendant Shermeta, the Plaintiff has been harassed, oppressed and abused by Defendant Shermeta in violation of 15 U.S.C. 1692d.

**RESPONSE:**  The allegations contained in paragraph 29 of Plaintiff's complaint are denied because they are untrue.

30.     As the result of Defendant Shermeta 's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(l ); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Shermeta.

**RESPONSE:**  The allegations contained in paragraph 30 of Plaintiff's complaint are denied because they are untrue.

## COUNT II.
## DEFENDANT SHERMETA'S VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. § 445.251 et seq.

31.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:**  The allegations contained in paragraph 31 do not require a response.  Defendant further states that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendant are denied because they are untrue.

32.     The foregoing acts and omissions of Defendant Shermeta constitutes violations of the MCPA.

**RESPONSE:**  The allegations contained in paragraph 32 of Plaintiff's complaint are denied because they are untrue.

33.     Defendant Shermeta used an abusive method to collect an alleged debt in violation of M.C.L. § 445.252 (n) when Defendant Shermeta filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first verifying and validating the alleged debt as required by 15 U.S.C § 1692g(b).

**RESPONSE:**  The allegations contained in paragraph 33 of Plaintiff's complaint are denied because they are untrue.

34.     Defendant Shermeta violated M.C.L. §445.252(q) by failing to implement a procedure designed to prevent each of the above listed MCPA violations by its employees.

**RESPONSE:**  The allegations contained in paragraph 34 of Plaintiff's complaint are denied because they are untrue.

35.     As the result of Defendant Shermeta's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257 from Defendant Shermeta.

**RESPONSE:**  The allegations contained in paragraph 35 of Plaintiff's complaint are denied because they are untrue.

## COUNT III.

### DEFENDANT MCKINNON'S VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

36.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:**  The allegations contained in paragraph 36 do not require a response.  Defendant further states that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendant are denied because they are untrue.

37.     The foregoing acts and omissions of Defendant McKinnon constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et seq.

**RESPONSE:**   The allegations contained in paragraph 37 of Plaintiff's complaint are denied because they are untrue.

38.     Defendant McKinnon violated 15 U.S.C. 1692e by using false and deceptive means to collect an alleged debt when Defendant McKinnon filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt pursuant to 15 U.S.C. § 1692g(b) when Plaintiff made a timely demand for validation and verification.

**RESPONSE:**   The allegations contained in paragraph 38 of Plaintiff's complaint are denied because they are untrue.

39.     Defendant McKinnon violated 15 U.S.C. 1692e (2)(A) by falsely representing the character of the alleged debt by filing a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt pursuant to 15 U.S.C. § 1692g(b) when Plaintiff made a timely demand for validation and verification.

**RESPONSE:**   The allegations contained in paragraph 39 of Plaintiff's complaint are denied because they are untrue.

40.      Defendant McKinnon violated 15 U.S.C 1692fby using unfair and unconscionable means to attempt to collect an alleged debt by withholding a reply to Plaintiffs timely request for validation and verification by filing a Summons and a Civil complaint the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT.

**RESPONSE:**   The allegations contained in paragraph 40 of Plaintiff's complaint are denied because they are untrue.

41.      Defendant McKinnon violated 15 U.S.C. 1692g(b) when Defendant McKinnon failed to cease collection activities by filing a Summons and Complaint in the court of the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first verifying the alleged debt when Plaintiff made a timely demand for validation and verification.

**RESPONSE:**   The allegations contained in paragraph 41 of Plaintiff's complaint are denied because they are untrue.

42.      As the result of the foregoing FDCPA violations by Defendant McKinnon, the Plaintiff was harassed, oppressed and abused by Defendant McKinnon in violation of 15 U.S.C. 1692d.

**RESPONSE:**   The allegations contained in paragraph 42 of Plaintiff's complaint are denied because they are untrue.

43.     As the result Defendant McKinnon's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(l); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant McKinnon.

**RESPONSE:**   The allegations contained in paragraph 43 of Plaintiff's complaint are denied because they are untrue.

## COUNT IV.
## DEFENDANT MCKINNON'S VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. § 445.251 et seq.

44.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:**   The allegations contained in paragraph 44 do not require a response.  Defendant further states that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendant are denied because they are untrue.

45.     The foregoing acts and omissions of Defendant McKinnon constitute violations of the MCPA.

**RESPONSE:**   The allegations contained in paragraph 45 of Plaintiff's complaint are denied because they are untrue.

46.     Defendant McKinnon used an abusive method to collect an alleged debt in violation of M.C.L. § 445.252 (n) when Defendant McKinnon filed a Summons and Complaint in the STATE OF MICIDGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt as required by 15 U.S.C § 1692g(b).

**RESPONSE:**   The allegations contained in paragraph 46 of Plaintiff's complaint are denied because they are untrue.

47.     As the result of the foregoing MCPA violations by the Defendant against the Plaintiff, the Plaintiff was harassed, oppressed and abused by Defendant McKinnon in violation M.C.L. §445.252(n).

**RESPONSE:**   The allegations contained in paragraph 47 of Plaintiff's complaint are denied because they are untrue.

48.     As the result of Defendant McKinnon's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257 from Defendant McKinnon.

**RESPONSE:**   The allegations contained in paragraph 48 of Plaintiff's complaint are denied because they are untrue.

### COUNT V.
### DEFENDANT TOWER'S VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C.§ 1692 et seq.

49.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:**  The allegations contained in paragraph 49 do not require a response.  Defendant further states that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendant are denied because they are untrue.

50.     The foregoing acts and omissions of Defendant Tower constitutes numerous and multiple violations of the FDCPA, 15 U.S.C.§  1692 et seq.

**RESPONSE:**   The allegations contained in paragraph 50 of Plaintiff's complaint are denied because they are untrue.

51.     Defendant Tower violated 15 U.S.C. 1692g(b) when Defendant Tower failed to cease collection activities by filing a Summons and Complaint in the court of the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verification of the alleged debt after Plaintiff  made a timely request for said validation and verification.

**RESPONSE:**   The allegations contained in paragraph 51 of Plaintiff's complaint are denied because they are untrue.

52.     Defendant Tower violated 15 U.S.C. 1692e by using false and deceptive means to collect an alleged debt when Defendant Tower filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt as required by the FDCPA 15 U.S.C. §1692g(b) after Plaintiff made a timely request for said validation and verification.

**RESPONSE:**   The allegations contained in paragraph 52 of Plaintiff's complaint are denied because they are untrue.

53.     Defendant Tower violated 15 U.S.C. 1692e (2)(A) by falsely representing the character of the alleged debt by filing a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt as required by the FDCPA 15 U.S.C. §1692g(b) after Plaintiff made a timely request for said validation and verification.

**RESPONSE:** The allegations contained in paragraph 53 of Plaintiff's complaint are denied because they are untrue.

54. Defendant Tower violated 15 U.S.C 1692fby using unfair and unconscionable means to attempt to collect an alleged debt by withholding a reply to Plaintiff's timely request for validation and verification and filing a Summons and a Civil complaint the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT.

**RESPONSE:** The allegations contained in paragraph 30 of Plaintiff's complaint are denied because they are untrue.

55. As the result of the foregoing FDCPA violations by Defendant Tower, the Plaintiff was harassed, oppressed and abused by Defendant Tower in violation of 15 U.S.C. 1692d.

**RESPONSE:** The allegations contained in paragraph 55 of Plaintiff's complaint are denied because they are untrue.

56. As the result Defendant Tower's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(l); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §. 1692k(a)(3), from Defendant Tower.

**RESPONSE:** The allegations contained in paragraph 56 of Plaintiff's complaint are denied because they are untrue.

**COUNT VI.**
**DEFENDANT TOWER'S VIOLATIONS OF THE**
**MICHIGAN COLLECTION PRACTICES ACT**
**M.C.L. § 445.251 et seq.**

56.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:**  The allegations contained in paragraph 56 do not require a response.  Defendant further states that allegations alleging any violations of the FDCPA and or the MCPA as pertaining to Defendant are denied because they are untrue.

57.     The foregoing acts and omissions of Defendant Tower constitute violations of the MCPA. Defendant Tower used an abusive method to collect an alleged debt in violation of M.C.L. §445.252 (n) when Defendant Tower filed a Summons and Complaint in the STATE OF MICHIGAN IN THE 2-2 DISTRICT COURT without first validating and verifying the alleged debt as required by 15 U.S.C § 1692g(b) when Plaintiff made a timely request for said validation and verification.

**RESPONSE:**  The allegations contained in paragraph 57 of Plaintiff's complaint are denied because they are untrue.

58.     As the result of the foregoing MCPA violations by Defendant Tower against the Plaintiff, the Plaintiff was harassed, oppressed and abused by Defendant Tower in violation M.C.L. §445.252(n).

**RESPONSE:**  The allegations contained in paragraph 58 of Plaintiff's complaint are denied because they are untrue.

59.     As the result of Defendant Tower's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $1,000.00 pursuant to M.C.L. § 445.257; and reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant Tower.

**RESPONSE:**   The allegations contained in paragraph 59 of Plaintiff's complaint are denied because they are untrue.

60.     As the result of Defendant Tower's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. §445.257, from Defendant Tower.

**RESPONSE:**   The allegations contained in paragraph 60 of Plaintiff's complaint are denied because they are untrue.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendants as follows:

## COUNT I.
## DEFENDANT SHERMETA'S VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Shermeta and for Plaintiff; and furthermore,

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(A) against Defendant Shermeta and for Plaintiff; and furthermore,

- For an award of costs of litigation and reasonable attorney fees pursuant to 15, U.S.C. §

1692k(a)(3) against Defendant Shermeta and for Plaintiff.

**RESPONSE:**  The allegations contained Plaintiff's Prayer for Relief, including all subsections, are denied because the allegations are untrue.  Plaintiff is not entitled to the relief requested.

## COUNT II.
### DEFENDANT SHERMETA'S VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT M.C.L. 445.251et seq

- For damages pursuant to M.C.L. § 445.257(2) against Defendant Shermeta and for Plaintiff;

- For treble damages pursuant to M.C.L. § 445.257(2) against Defendant Shermeta and for Plaintiff; and furthermore,

- For reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant Shermeta and for Plaintiff.

**RESPONSE:**  The allegations contained Plaintiff's Prayer for Relief, including all subsections, are denied because the allegations are untrue.  Plaintiff is not entitled to the relief requested.

## COUNT III.
### DEFENDANT MCKINNON'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.§ 1692 et seq

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant McKinnon and for Plaintiff; and furthermore,

- For an award of statutory damages of $1000.00 pursuant to 15 U.S.C. 1692k(a)(A) against Defendant McKinnon and for Plaintiff; and furthermore,

- For an award of cost of litigation and reasonable attorney fees pursuant to 15, U.S.C. § 1692k(a)(3) against Defendant McKinnon and for Plaintiff.

**RESPONSE:** The allegations contained Plaintiff's Prayer for Relief, including all subsections, are denied because the allegations are untrue. Plaintiff is not entitled to the relief requested.

**COUNT IV.**
**DEFENDANT MCKINNON'S VIOLATIONS OF THE**
**MICHIGAN COLLECTION PRACTICES ACT**
**M.C.L. 445.251 et seq**

- For damages pursuant to M.C.L. § 445.257(2) against Defendant McKinnon and for Plaintiff; and furthermore,

- For treble damages pursuant to M.C.L. § 445.257(2) against Defendant McKinnon and for Plaintiff; and furthermore,

- For reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant McKinnon and for Plaintiff.

**RESPONSE:** The allegations contained Plaintiff's Prayer for Relief, including all subsections, are denied because the allegations are untrue. Plaintiff is not entitled to the relief requested.

**COUNT V.**
**DEFENDANT TOWER'S VIOLATION OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(l) against Defendant Tower and for Plaintiff; and furthermore,

- For an award of statutory damages of $1000.00 pursuant to 15 U.S.C. 1692k(a)(A) against Defendant Tower and for Plaintiff; and furthermore,

- For an award of costs of litigation and reasonable attorney fees pursuant to 15, U.S.C. §1692k(a)(3) against Defendant Tower and for Plaintiff.

**RESPONSE:** The allegations contained Plaintiff's Prayer for Relief, including all subsections, are denied because the allegations are untrue. Plaintiff is not entitled to the relief requested.

**COUNT VI.**
**DEFENDANT TOWER'S VIOLATIONS OF THE**
**MICHIGAN COLLECTION PRACTICES ACT**
**M.C.L. 445.251 et seq**

• For damages pursuant to M.C.L. § 445.257(2) against Defendant Tower and for Plaintiff; and furthermore,

• For treble damages pursuant to M.C.L. § 445.257(2) against Defendant Tower and for Plaintiff; and furthermore,

• For reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant Tower and for Plaintiff.

**RESPONSE:**  The allegations contained Plaintiff's Prayer for Relief, including all subsections, are denied because the allegations are untrue.  Plaintiff is not entitled to the relief requested.

**SHERMETA LAW GROUP, PLLC.**

Dated: May 15, 2018                    /s/Biana Hamady
                                       Biana Hamady (P66191)
                                       Attorney for Defendants Shermeta,
                                        Tricia N. McKinnon and Jason Tower
                                       P.O. Box 5016
                                       Rochester, MI  48308
                                       (248) 519-1700
                                       Fax (248) 519-1701
                                       bhamady@shermeta.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA J. RANCOURT,

               Plaintiff,

v                                    Case No.: 1:18-cv-442
                                    Hon.

SHERMETA LAW GROUP, PLLC,
TRICIA N. MCKINNON,
JASON TOWER,

               Defendants.

| | |
|---|---|
| Sandra J. Rancourt | Biana Hamady  (P66191) |
| Defendant Pro Pre | Shermeta Law Group, PLLC |
| 9083 Dennings Road | Attorney for Defendant Shermeta |
| Jonesville, Michigan 49250 | P.O. Box 5016 |
| renucove@aol.com | Rochester, MI 48308 |
| | (248) 519-1700 |
| | Fax (248) 519-1701 |
| | bhamady@shermeta.com |

## <u>DEFENDANT SHERMETA LAW GROUP, PLLC, TRICIA N. MCKINNON AND JASON TOWER'S AFFIRMATIVE DEFENSES</u>

1. Some or all of the allegations contained in Plaintiff's Complaint are outside the applicable statute of limitations.

2. At all pertinent times, Defendant complied with all provisions of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, <u>et</u> <u>seq.</u>

3. Defendant's liability, if any, is excused because of making a Bona-Fide error as set forth under the FDCPA, despite the maintenance of procedures to prevent such errors.

4. At all pertinent times, Defendant complied with all provisions of the Michigan Collection Practices Act ("MCPA), M.C.L. §445.257, <u>et</u> <u>seq.</u>

5. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

6.  Plaintiff's Complaint has presented no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law.

7.  Plaintiff has sustained no damages.

8.  Plaintiff has misstated the law and/or cited statutes that do not apply to Defendant.

9.  Defendant reserves the right to state additional Affirmative Defenses which may become known during the course of discovery in this case.

**SHERMETA LAW GROUP, PLLC**

Dated: May 15, 2018                /s/Biana Hamady
                                   Biana Hamady
                                   Attorney for Defendants Shermeta,
                                   Tricia N. McKinnon and Jason Tower
                                   P.O. Box 5016
                                   Rochester, MI  48308
                                   (248) 519-1700
                                   Fax (248) 519-1701
                                   bhamady@shermeta.com