UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA J. RANCOURT,

    Plaintiff

v

SHERMETA LAW GROUP, PLLC, et al.,

    Defendants.

Case No.: 1:18-CV-00442-RJJ-PJG
Hon. Robert J. Jonker

---

Sandra J. Rancourt
Defendant In Pro Per
9083 Dennings Road
Jonesville, Michigan 49250
renucove@aol.com

Biana Hamady (P66191)
Shermeta Law Group, PLLC, et al.,
Attorneys for Defendants
PO Box 5016
Rochester, MI 48308
(248) 519-1700

---

## JOINT STATUS REPORT

    NOW COMES the parties, by and through their undersigned counsel and hereby submit their Joint Status Report.

A Rule 16 Scheduling Conference is scheduled for June 11, 2018 at 2:00 p.m. before Hon. Robert J. Jonker, Appearing for the parties as counsel will be:

Biana Hamady, Attorney for Defendants.

1. Jurisdiction:

   Jurisdiction is based upon 15 U.S. C. §1692 et seq.

2. Jury or Non-Jury: This case is to be tried before a jury.

3. Judicial Availability: The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in this case.

4. Statement of the Case: This case involves an action for damages brought by an individual

consumer for Defendants' violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et. seq. and the Michigan Collection Practices Act MCL 339.901, et. seq. which prohibit debt collectors from engaging in abusive, deceptive, unconscionable and unfair practices. Defendants' assert that they did not violate the Fair Debt Collection Practices Act or the Michigan Collection Practices Act.

5. Prospects of Settlement: The status of the settlement negotiations is:

There have been no settlement discussions proposed by Plaintiff to date

6. Pendant State Claims: This case does include pendant state claims. There is a State Court Collection case pending in the 2B Hillsdale Court, Case # 18-435GC.

7. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by August 3, 2018

8. Disclosure and Exchanges: Rule 26(a) mandates particular disclosures that apply on a self-executing timetable in the absence of contrary court order. Describe in the Joint Status Report what the parties propose regarding these categories of disclosure. In addition, this Court will require a preliminary disclosure of potential lay witnesses earlier than Rule 26(a)(3) would otherwise require. Propose a date for this disclosure in the Joint Status Report. NOTE: Rule 26(e) provides the duty to supplement applicable disclosures and discovery responses. All parties must comply with this duty and Rule 37 sanctions apply.

   (a) Fed.R.Civ.P. 26(a)(1) disclosures: September 15, 2018

   (b) Fed.R.Civ.P. 26(a)(2) disclosures: September 15, 2018

   (c) Fed.R.Civ.P. 26(a)(3) disclosures: September 15, 2018

   (d) The parties have agreed to make available the following documents without the need of a formal request for production:

   The parties are unable to agree on voluntary production at this time.

9. Discovery: The parties believe that all discovery proceedings can be completed by December 10, 2018

   (a) Discovery will be needed on the following subjects: all factual allegations set forth in Plaintiff's complaint that were not admitted by Defendants.

   (b) All discovery commenced in time to be completed by December 10, 2018

(c) Maximum of 25 single-part, interrogatories by each party to any other party. [Responses due 30 days after service.]

(d) Maximum of ____ requests for admission by each party to any other party. [Responses due 30 days after service.]
**The parties are unable to agree on this subject. Plaintiff would like 10 and Defendant would like 25.**

(e) Maximum of ____ depositions per Defendant by Plaintiff and ____ by each Defendant.
**The parties are unable to agree on this subject. Plaintiff would like 10 and Defendant would like 2**

(f) Each deposition limited to maximum of ____ 7 hours unless extended by agreement of parties.
**The parties are unable to agree on this subject. Plaintiff would like 7 and Defendant would like 3**

(g) Reports from retained experts under Fed. R. Civ. P. 26(a)(2) due: from Plaintiff and Defendants 90 days before trial date.

(h) Supplementation under Fed. R. Civ. P. 26(e) due at least 30 days before trial.

10. <u>Disclosure of Discovery of Electronically Stored Information:</u> The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:
The parties agree to exchange print outs of the information that is stored electronically via United States Postal Service

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production:</u>

The parties are unable to agree to how the will treat Assertion of Claims of Privilege or Work-Product Immunity After Production.

12. <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by January 7, 2019 2018. The parties acknowledge that W.D.Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Defendant intends to file a Motion to Dismiss for Failure to State a Claim

Plaintiff and or Defendant intends to file a Motion for Judgment on the Pleadings
Plaintiff and -or Defendant intends to file a Motion for Summary Judgment

13. Alternative Dispute Resolution: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: None at this time.

14. Length of Trial: Counsel estimate the trial will last approximately 1 day total, allocated as follows: 1/2 day for plaintiff's case, 1/2 day for defendant's case. _N/A_ days for other parties.

15. Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. Other: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

The Joint Status Report shall be approved by all counsel of record and by any party who represents him or herself.

Respectfully submitted:

Shermeta Law Group, PLLC

BY:
s/ Biana Hamady
Attorney for Defendants
Shermeta Law Group, PLLC
P.O. Box 5016
Rochester, MI 48308
(248) 519-1700
bhamady@shermeta.com
P66191

Sandra J. Rancourt
9083 Dennings Road
Jonesville, Michigan 49250
520 609 3132
rencove@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2018, I electronically filed the Rule 26(f) Plan and Status Report with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Attorney Biana Hamady and Sandra Rancourt.

> s/Biana Hamady
> Shermeta Law Group, PLLC
> P.O. Box 5016
> Rochester, MI 48308
> (248) 519-1700
> bhamady@shermeta.com